**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNADINE POULTER, | No. 20-72978 |
| Petitioner, | LABR-1: ARB No. 2018-0056 |
| v. | |
| U.S. DEPARTMENT OF LABOR; ADMINISTRATIVE REVIEW BOARD, | MEMORANDUM* |
| Respondents, | |
| CENTRAL CAL TRANSPORTATION, LLC; RYAN ROTAN, | |
| Intervenors. | |

On Petition for Review of an Order of the
Department of Labor

Argued and Submitted October 8, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.
Dissent by Judge W. FLETCHER

Bernadine Poulter petitions for review of a final decision and order issued by

the U.S. Department of Labor Administrative Review Board (ARB) which

---

&ast;        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reversed a ruling by the Administrative Law Judge (ALJ) finding in favor of Poulter. We have jurisdiction under 49 U.S.C. § 31105(d), and we deny the petition.

Poulter argues that the ARB erred in holding that the ALJ's finding that Poulter had engaged in an activity protected under 49 U.S.C. § 31105(a)(1)(B)(i) was not supported by substantial evidence.[1] We disagree, and conclude that the ARB's ruling was not arbitrary and capricious.

The record shows that Poulter's supervisor ordered Poulter to undertake a lawful "slam" maneuver to redistribute the vehicle's overweight load, and expressed an erroneous understanding regarding the vehicle's weight restrictions, but did not instruct Poulter to drive an overweight load in violation of regulations. Because Poulter refused "to attempt to adjust the weight in spite of repeated requests," the ARB could reasonably conclude that the ALJ's determination that the supervisor "would have attempted to compel her to drive" an overweight load was based on "mere speculation." Nor was the ARB arbitrary and capricious in concluding that (1) the ALJ based his ruling that the supervisor implicitly ordered

---

[1] Under § 31105(a)(1)(B)(i), an employer may not discharge an employee because "the employee refuses to operate a vehicle because – (i) the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security."

2

Poulter to drive an overweight load primarily on the supervisor's "misstatement of the applicable weight limit," and that (2) the ALJ failed to consider "the countervailing evidence that [Poulter] was never directed to drive an overweight load and that, for that reason alone, she could never have refused to do so." Therefore, the ARB was not arbitrary and capricious in concluding that the ALJ's ruling was not based on substantial evidence.

In light of the ARB's ruling, Poulter did not refuse to operate a vehicle in a manner that violated a regulation, and therefore did not engage in protected activity under 49 U.S.C. § 31105(a)(1)(B)(i).[2]

The petition for review is **DENIED.**

---

[2] Because we deny the petition on this ground, we do not reach the questions of whether such activity was a contributing factor to Poulter's termination and whether there is clear and convincing evidence that Poulter was fired on independent, unprotected grounds.

*Bernadine Poulter v. U.S. Department of Labor*, No. 20-72978

W. Fletcher, Circuit Judge, dissenting:

I respectfully dissent. In my view, the ARB erred in reversing the ALJ's ruling in favor of Poulter.

Under our decision in *Calmat Co. v. U.S. Dep't of Lab.*, 364 F.3d 1117, 1121–22 (9th Cir. 2004), the ARB is required to leave undisturbed findings of fact by the ALJ if they are supported by substantial evidence. At oral argument, the Department of Labor conceded that the ARB is "bound" by and "required to defer to" the ALJ's factual determinations as long as they are supported by substantial evidence.

At the hearing before the ALJ, Poulter and her supervisor offered conflicting testimony about whether the supervisor ordered Poulter to drive an illegal load. It is undisputed that the actual weight on the tandem axle was 34,600 pounds, and that the maximum legal weight on that axle was 34,000 pounds. It is also undisputed that the supervisor sent Poulter text messages instructing her to "slam" the load to lessen the weight on the axle, and instructing her (incorrectly) that the legal weight on that axle was 34,500 pounds. Poulter testified that she understood her supervisor to direct her to slam the load to 34,500 pounds on that axle and then to drive the truck when that had been accomplished. The supervisor testified that

1

he instructed Poulter to slam the load at 100-pound increments until the legal load of 34,000 pounds was reached.  The ALJ resolved the conflict in the evidence by finding that the supervisor instructed Poulter to drive an illegal load.  The ALJ based his finding, *inter alia*, on his conclusion that the supervisor was not credible in testifying that he had instructed Poulter to slam the load in increments until it reached a legal weight on the tandem axle.

Contrary to the ALJ's finding, the ARB found that Poulter was never instructed to drive an illegal load.  Because the ALJ's factual finding is supported by substantial evidence (in particular the text-message exchange between Poulter and her supervisor), and because the ARB's factual finding conflicts with the ALJ's, the ARB abused its discretion in reversing the ALJ's decision.

I would grant the petition for review.